PeabsoN, J.
 

 Under the deed of trust to Osborne, (1838,) the two notes to
 
 “
 
 Irwin and Elms,” assigned to Irwin, had priority over the debt due to the State Bank, with Blake and Caldwell as sureties. But no funds came to the hands of Osborne, being anticipated by the decree which directs payment of the debt due the State Bank, to be made by Wilson, the administrator of Morrison, under the deed of trust of 1833, whereby the fund was exhausted. The petition alleges there was error in that decree in this — that the residue of the fund, after paying, certain debts, which it is admitted had priority, and among others, a large debt to the Bank, $15,000, secured by the deed of trust to Blackwood, (1837,) ought to have been allowed to pass into the hands of Osborne, to be applied under the deed to him, and ought not to have been applied under the deed to Morrison.
 

 This assignment of error is based on the position that the deed of trust to Morrison, without any charge of fraud, or want of bona tides, is
 
 inoperative in respect to debts contracted after its
 
 execution, and consequently that the debt due the State Bank, with Blake and Caldwell as sureties, which was con-
 
 *214
 
 traeted after that time, but by reason of the provision made in the deed for all subsequent debts, to which Blake and Caldwell might become sureties, was not secured by the deed of trust to Morrison, and did not attach to the funds in his hands or in the hands of his administrator, and the residue of the fund ought to have passed to Osborne, he being entitled to the resulting trust of Davidson, under the deed of trust to him, to be paid out according to the provisions of the latter deed.
 

 It appears by the report of Wilson, that the debt in controversy, that is, the debt to the State Bank, with Blake and Caldwell as sureties, was contracted prior to the execution of the deed to Osborne. That deed contains this clause : “ This trust is not intended to diminish in any way the validity of a trust executed by, and between, William Davidson and, Washington Morrison, on the 17th of January, 1833, the purposes of which trust were partially satisfied by borrowing money on the faith thereof.” The deed to Morrison contains this clause : “ And whereas it may become necessary for the said John Irwin, Samuel McComb, Jane Emmerson, D. T. Caldwell and James C. Biake, for the purposes of enabling me to meet the instalments due II. M. Miller, as agent of the Bank of Newbern, Raleigh office, or for other purposes, to enter into other and further liabilities for me, it is therefore the intent and meaning (and I do hereby declare it to be such) of this trust to indemnify the said Irwin, McComb, Emmerson, Caldwell and Blake, not only in all matters for which they are now bound as my security, and to secure them the amounts I now owe them
 
 individually,
 
 but to secure them against all
 
 future liabilities which they may incur as my security and future debts that may be justly due them.”
 
 The two notes to “ Irwin and Elms” were not an individual debt due to Irwin, and did not become so until the assignment to Irwin, made at the date of the deed to Osborne. So the debt to tlie State Bank, with Blake and Caldwell as sureties, was entitled to priority as a future liability incurred by them as the sureties of Davidson, upon the faith of the provision made in
 
 *215
 
 the deed of trust to Morrison, unless that provision was inoperative. The point is, putting, out of the case all question of fraud in regard to this provision, (which is the more proper, because Irwin is expressly entitled to the benefit thereof, as well as the other persons named, and concirrred in this mode of enabling Davidson to sustain his credit,) did this debt to the Bank, with Blake and Caldwell as sureties, attach to the trust fund in the hands of Morrison or his administrator, so as to become a charge thereon at and from" the time of its creation ? In other words, was the provision of the deed valid for the purpose for which it was intended, or was it void and of no efiect ?
 

 We are at a loss to perceive any ground upon which it can be assailed, putting fraud out of the consideration.
 

 It was suggested on the argument that such a provision should be held void, because it evades the policy of registration, the object of which is to enable every one to see on the face of the deed, as well the property conveyed as the amount of the
 
 debts secw'ed.
 
 This is stating the object for requiring the registration of deeds of trusts and mortgages too broadly. One purpose is to prevent fraud. That is out of our case. Another is to give notoriety to the fact, that certain property is incumbered in such a way as to put purchasers, and others who may be concerned, on enquiry, and it is suificient if the deed furnishes
 
 data
 
 by which these enquiries may be satisfied. To require precise
 
 figures
 
 and
 
 dates
 
 to be made in the face of the deed would be attended with great inconvenience, and in many cases be impossible; e. g. a trust to secure sundry debts — amounts unknown, or a debt of
 
 about
 
 the sum of-; such trusts have frequently passed without exception ; or to secure a principal against any loss by reason of the acts of his deputy and the like; or, as in our case, to secure Blake and Caldwell against any liability which they may incur by becoming the sureties of the maker of the trust.
 

 It was further suggested, that such a provision should be held void, because there is no way of putting an end to it, and the property would be tied up indefinitely, so that even an
 
 *216
 
 act of the Legislature could not set "it free without Impairing the obligation of a
 
 contract.
 

 It is certain that the operation of this provision could be stopped by the trustor’s assigning his resulting interest by a deed to secure specific debts, as was done by the deed to Black-wood and the deed to Osborne — such debts thereby having priority, except against debts previously contracted on the faith of the provision ; and it is also certain that it could be stopped by a creditor’s bill, as in this case, to
 
 force the trust,
 
 that is, to compel the trustee to satisfy the debts secured, and allow the excess of the fund to be applied to the debts not secured.
 

 The idea of impairing the obligation of a contract is a fallacy. There is no contract to be impaired. Irwin, Blake, Caldwell and the others, were
 
 not 'bound
 
 to become sureties for Davidson. The provision was merely an inducement for the purpose of removing any objection they might have to becoming bound for him. If this inducement was taken away by an assignment of his resulting trust to secure other debts, or by the intervention of the creditors, they were at liberty to decline any further liability.
 

 Per Oueiam, Petition to rehear disallowed with costs.